IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| Central Boat Rentals, Inc., | * | |
| Plaintiff, | * | |
| | | Civil Action No.: |
| v. | * | |
| EPIC Companies, LLC, | * | **IN ADMIRALTY** |
| Defendant, | * | |
| and | * | |
| Bank of America, N.A. | * | |
| Garnishee. | * | |

**VERIFIED COMPLAINT WITH REQUEST FOR
ISSUE OF PROCESS OF MARITIME
ATTACHMENT AND GARNISHMENT**

Central Boat Rentals, Inc. ("Central Boat") brings this action against EPIC Companies, LLC ("EPIC") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writ of maritime attachment and garnishment including to the Garnishee and states as follows:

**Jurisdiction and Venue**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because the Garnishee is located, can be found, and can be served with process in this District.

3. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

4. Central Boat brings this action to obtain security for an action which also may be filed in the United States District Court, Southern District of Texas, Houston Division.

## The Parties

5. Central Boat is a Louisiana corporation in the business of leasing barges, tugs and related equipment used in marine construction and related maritime commerce on the navigable waters of the United States.

6. EPIC is a Texas corporation which conducts offshore marine activities, including the chartering of activities bought Ranger's assets and is Ranger's successor for the purpose of payment of the amounts due to Central Boat as this Verified Complaint sets out.

## Facts

### The Breached Settlement Agreement

7. On May 6, 2019, Central Boat and EPIC entered into an agreement to settle certain maritime debts due to Central from EPIC's affiliate, Ranger, providing for payments to be made by EPIC to Central. The parties agreed that the agreement was a maritime contract.

8. The agreement provided in pertinent part that "beginning on May 17, 2019, EPIC shall make five (5) monthly payments of $76,284.57 each to Central Boat, with each of the five (5) monthly payments being made by wire transfer to Central Boat on or before the 17th of each month (the "5 Monthly Payments")" The agreement further provided that "[i]n the event that any payment is missed, all remaining payments immediately shall be due from EPI C to Central Boat."

9. EPIC missed the payment due July 17, 2019, leaving four (4) payments totaling $305,138.28 due and overdue to Central Boat.

10. The agreement further provides that "[i]n the event litigation arises out of a

dispute over the terms of the Agreement, or the performance of the obligations set forth herein by one of the Parties, the prevailing party in such dispute shall be entitled to recover all costs and expenses incurred by such party in connection therewith, including costs of court and reasonable and necessary attorneys' fees."

### The Further Unpaid-For Tug Services

11. After entry into the agreement, in May and June, 2019, Central Boat provided further tug services to EPIC, to pull barges chartered by EPIC, in the amount of $15,975, billing EPIC for these services.

12. Despite demand, EPIC has not paid Central Boat for the further tug services which Central Boat provided to EPIC.

### Count I – Breach of Maritime Contract

13. Central Boat incorporates the above paragraphs as if fully set forth herein.

14. EPIC has breached its maritime contracts with Central Boat, as set out above. Despite repeated demand, Central Boat remains unpaid.

15. Central Boat therefore demands judgment, as set out more fully below.

16. To the extent that either Defendant or both claim that Central Boat must bring this suit in any other forum, without admitting such claim, Central Boat seeks security through this suit pursuant to Supplemental Rule B, to obtain security for payment of judgment in such forum.

### Count II: Maritime Attachment and Garnishment (Rule B)

17. Central Boat incorporates the above paragraphs as if specifically set forth herein.

18. Central Boat seeks issue of process of maritime attachment so that it may be paid the amounts due it under its agreements with EPIC.

19. No security for Central Boat's claims has been posted by Defendants or anyone acting on their behalf to date.

20. Garnishee Bank of America owes funds EPIC, namely, in one or more deposit accounts. Garnishee therefore possesses, or is likely to possess, identifiable property of EPIC, namely, one or more deposit accounts, and therefore owes a debt, or is likely to owe a debt, to Defendants.

21. EPIC cannot be found within this District within the meaning of Rule B, but are believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of Garnishees in this District, including but not limited to the named Garnishee.

## Prayer for Relief

WHEREFORE, Central Boat prays:

A. That in response to Count I, this Court have this case proceed for the security of Central Boat in the amount of at **least $341,113.28** due and overdue to Central Boat ($305,138.28, breached settlement agreement, $15,975 unpaid further tug services, $20,000 attorneys' fees and costs)(the "Demand Amount");

B. That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Ranger's and EPIC's tangible or intangible property or any other funds held by any Garnishee, up to the amount of at least the amount demanded herein to secure Central Boat, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

C. That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D. That this Court award Central Boat such other and further relief that this Court deems just and proper.

Dated: July 18, 2019.

_____
J. Stephen Simms (#4269)
Simms Showers LLP
201 International Circle, Suite 250
Baltimore, Maryland 21030
Ph:     410-783-5795
Fax:    410-510-1789
jssimms@simmsshowers.com

Central Boat Rentals, Inc. Counsel

**VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. There is no record of any general or resident agent authorized to accept service of process for either Defendant in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on July 18, 2019.

_____
J. Stephen Simms